

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 10, 1963

Honorable Gordon H. Lloyd
Executive Secretary
Employees Retirement System of Texas
Austin 11, Texas

Opinion No. C-135

Re: Whether a former member of
the Judicial Retirement Sys-
tem is eligible for a retire-
ment annuity under the stated
facts.

Dear Mr. Lloyd:

You have requested the opinion of this office as to the
retirement status of a certain former judge. The following is
quoted from your letter of request:

"Former Judge John A. Rawlins had ac-
cumulated 20 years of service on the bench
and was defeated for re-election and termi-
nated service on the bench on December 31,
1954. His service was cancelled, and he
ceased to be a Judge and a member /of the
Retirement System/ at that date. Mandatory
refund was required, since he did not have
24 years of service and had not attained the
age of 65. The amount of $2,165.43, as ap-
proved by Chief Justice of the Supreme Court
J. E. Hickman, was refunded in January of
1955."

You report that Judge Rawlins has now made application for
retirement benefits under the provisions of Senate Bill 268
of the 58th Legislature, whereby Section 2 of Article 6228b,
Vernon's Civil Statutes, was made to read as follows:

"Sec. 2. Any judge in this state may, at
his option, retire from regular active service
after attaining the age of sixty-five (65) years
and after serving on one or more of the courts
of this state at least ten (10) years continuous-
ly or otherwise, provided that his last service
prior to retirement shall be continuous for a

-668-

> period of not less than one year. Any person
> who has served on one or more of the courts
> of this state at least eighteen (18) years,
> continuously or otherwise, shall after attain-
> ing the age of sixty-five (65) years, be quali-
> fied for retirement pay under this Act, and
> for purposes of computing his retirement pay,
> the annual salary he last received while serv-
> ing on a court of this state shall be consider-
> ed the amount he was receiving from the State
> of Texas at the time of retirement. . . ."
> (Emphasis supplied).

Prior to the adoption of the above quoted amendment, the Judicial Retirement Act (Article 6228b, V.C.S.) required that a judge have 24 years of service, the last ten of which must have been continuous, in order to qualify for retirement pay under the Act. At the time of his departure from the bench in 1954, Judge Rawlins had accumulated 20 years of service, which was not sufficient to entitle him to retirement pay under the then existing Judicial Retirement Act. His membership in the Retirement System was cancelled, and his contributions were returned under the provisions of Section 6 of the Judicial Retirement Act, which reads as follows:

> "Sec. 6. Should any Judge of any Court of
> this State die, resign or cease to be a Judge of
> a Court of this State, except in the event of his
> appointment or election to a Court of higher rank,
> prior to the time he shall have been retired as
> provided under the provisions of this Act, the
> amount of his accumulated contributions shall be
> paid to his beneficiary nominated by written
> designation duly filed with the Chief Justice of
> the Supreme Court, or to him, as the case may be.
> Provided, however, that if he later becomes a
> Judge of a Court of this State he must pay back
> to the State the amount of the contributions which
> he had heretofore received before being entitled
> to retirement pay under the provisions of this Act.
> . . ."

There is no question raised as to Judge Rawlins' failure to qualify for retirement under the Judicial Retirement Act in force in 1954. If he were now an active jurist, he would have sufficient service to retire under the present requirements of the Judicial Retirement Act. But to say that his 20 years' service on the bench, terminating in 1954, now qualifies him

for retirement under an amendatory act passed in 1963 requires a retroactive interpretation of the Act.

The general rule is that where an act is amended as to but one section, the original provisions appearing in the amended act are to be regarded as having been the law since they were first enacted, and as still speaking from that time, while the new provisions are to be construed as enacted at the time the amendment took effect. Shipley v. Floydada Independent School District, 250 S.W. 159 (Tex.Comm.App. 1923). Further, a statute is always held to operate prospectively only, unless a contrary construction is evidently required by plain and unequivocal language in the statute. Government Personnel Mutual Life Insurance Co. v. Wear, 151 Tex. 454, 251 S.W.2d 525 (1952); Rockwall County v. Kaufman County, 69 Tex. 172, 6 S.W. 431 (1887); Garrett v. Texas Employers Insurance Association, 226 S.W. 2d 663 (Tex.Civ.App. 1950, error ref.). The 1963 amendment to the Judicial Retirement Act contains no language which would indicate a retroactive intent on the part of the Legislature.

We must observe that Judge Rawlins cannot be said to have a vested interest in the Retirement System, inasmuch as he was, by virtue of the terms of the Act, removed as a member on the date he left office as a District Judge, and he has not brought himself back within the terms of the Act in the manner provided in Section 6 of Article 6228b, Vernon's Civil Statutes.

In accordance with the foregoing, it is the opinion of this office that former Judge John A. Rawlins is not eligible for retirement benefits under the Judicial Retirement Act as amended by the 58th Legislature. He may only qualify for retirement benefits by complying with the specific provisions of Section 6 of Article 6228b, Vernon's Civil Statutes.

## SUMMARY

The 1963 amendment to the Judicial Retirement Act (Art. 6228b, V.C.S.) functions prospectively only, and can have no effect on the retirement status of a former district judge who withdrew from the Retire-

ment System prior to the passage
of the amendment.

Yours very truly,

WAGGONER CARR
Attorney General

By Malcolm L. Quick
Assistant

MLQ:zt:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
W. O. Shultz
Linward Shivers
Gordon Appleman

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone